ROGERS, Justice.
 

 This is á summary proceeding by the supervisor of public accounts against A. P. Wells and Tony Guerra as the owners of a certain Dodge one and one-half ton truck and its contents (approximately 400 gallons of gasoline), which were seized by the agents of the plaintiff, on the ground that the tax had not been paid on the gasoline, which was being transported in violation of law. Plaintiff asked for judgment maintaining the seizure, declaring the forfeiture of the truck and gasoline and ordering the sale of the seized property according to law. After the defendants had answered admitting the transportation of the gasoline, but denying "that such transportation was illegal, the case was tried, resulting in a judgment for plaintiff as prayed for. Prom this judgment defendants took this appeal, which, however, they have not attempted to maintain by argument, brief, or appearance in this’ court.
 

 The proceeding was instituted by the supervisor of public accounts under the provisions of Act No. 6 of 1928 (Ex. Sess.) as amended by Act No. 16 of 1932, which levies and provides for the collection of a tax of 4 cents per gallon on all gasoline, or motor fuel, sold, used, or consumed in this state for domestic purposes.
 

 Plaintiff alleged: That the tax on the gasoline being transported had not been paid by defendants nor by any other person, firm, or corporation, nor had the payment of the tax been guaranteed by the bond required under the law.
 

 That under section 7-B- of Act No. 16 of 1932 the transportation of gasoline or motor fuel on which the tax levied by existing statutes has not been paid is illegal and the automobile, truck, boat, vehicle, or other means used in such transportation is subject to seizure by the supervisor of public accounts and to forfeiture and sale in the manner' set forth in the statute.
 

 That the illegal transportation of gasoline by the defendants empowered the supervisor of public accounts under section 7-A of Act No. 16 of 1932 to seize defendants’ truck
 
 *117
 
 and its contents and to hold the same as evidence for the trial to be had for the forfeiture thereof as provided by the legislative act.
 

 That the truck owned by the defendants and operated by the defendant A. P. Wells was seized, together with its contents, by the agents of the supervisor of public accounts after they had unsuccessfully demanded of Wells the production of an invoice or bill of sale as authorized and required by section 7-F of Act No. 16 of 1932.
 

 And plaintiff invoked against defendants the summary proceeding authorized by section 7-C of Act No. 16 of 1932 for obtaining the forfeiture and sale of the seized property.
 

 The evidence adduced on the trial of the case shows that the defendant Wells was apprehended by plaintiff’s agents in the act of transporting gasoline in the parish of Orleans, which gasoline Wells had purchased from the Violet Oil Company, at Violet, in the parish of St. Bernard. ■
 

 At the time of his arrest, Wells was requested by the officers to produce an invoice or bill of lading as required by the statute, showing the name and address of the seller of the gasoline he was transporting, and also the name and address of the buyer and the number of gallons then in his possession, which Wells was unable to do. The truck and its contents were then seized and placed in a public garage pending the. institution by the supervisor of public accounts of the necessary judicial proceeding for the forfeiture and sale of the seized property.
 

 On the trial of the case, defendants offered in evidence, over plaintiff’s objection, a receipt signed “Violet Oil Company, per S. Gowland,” issued to A. P. Wells, November 30, 1932, for $48.60, purporting to cover the cost of 400 gallons of gasoline at 12 cents per gallon and one gallon of lubricating oil at 60 cents.
 

 This receipt does not indicate that any tax was paid on the commodities mentioned therein, nor was it shown that any tax was paid thereon by defendants or by any one else.
 

 Apparently no serious importance was attached to the receipt by the trial judge, and, obviously, it falls short of meeting the requirements of the invoice or bill of sale called for by the statute.
 

 The trial judge, after seeing and hearing the witnesses, reached the conclusion that the seizure should be maintained and that the truck and its contents should be forfeited and sold as provided in the legislative act. He rendered his judgment accordingly, and we find nothing in the record that would justify us in disturbing the judgment.
 

 After the ease had heen heard and argued, but prior to the rendition of the judgment, defendants filed an exception, in which they set up the uneonstitutionality of Act No. 16 of 1932, alleging that, in violation of section 16 of article 3 of the state Constitution, “the said act embraces more than one object and that its title is not indicative of its contents.”
 

 The trial judge apparently found no merit in the plea, because he ignored it entirely. For our own part, we think it is untenable.
 

 
 *119
 
 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, O. J., being absent during the argument, takes no part.